IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

KORTANEY RITCHEY,

    Plaintiff,

v().                                             C.A. No.:   3:19-cv-155

SYNCHR, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KORTANEY RITCHEY (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendant, SYNCHR, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.    This is an action by Plaintiff against her employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, SYNCHR, INC., employed Plaintiff and Plaintiff physically performed her work solely within Brazoria County, Texas.

## THE PARTIES

4.     Plaintiff is an individual residing in Brazoria County, Texas.

5.     Plaintiff, KORTANEY RITCHEY, was employed by Defendant from October 26, 2015, to March 20, 2018, an Implementation and Compliance Analyst at the annual salary of $48,000.00 and worked from her home in Brazoria County, Texas.

6.     While employed with Defendant, Plaintiff worked as a client service provider, whose principle duties were to (1) facilitate the transmission of information to and from the Defendant and its clients regarding the timely payment of taxes and employee and (2) file and information transmittal, assist clients with tax questions by transmitted information to the appropriate department or person and communicating the responses and information received to the client.

7.     Defendant, SYNCHR, INC., is a corporation existing under the laws of the State of Delaware and maintains offices in California and Colorado.

8.     Defendant, SYNCHR, INC., is a company that primarily operates as a cloud-based technology human resource, benefits, payroll and reporting business application for mid-sized companies, and is an employer as defined by 29 U.S.C. § 203(d).

9.     Defendant, SYNCHR, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10.    At all times material to this complaint, Defendant, SYNCHR, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11.    At all times material to this complaint, Defendant, SYNCHR, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12.    At all times material to this Complaint, Defendant was the employer of the Plaintiff, as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

13.    Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendant's business activities.  Specifically, Plaintiff utilized the channels of

interstate commerce, *e.g.,* telephone and internet, as a regular and recurring part of her duties.

14. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

15. Plaintiff did not hold a position that would qualify for any exemption under the FLSA.

16. Plaintiff worked numerous weeks in excess of forty hours per workweek, and was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed. Instead, Plaintiff was merely paid her regular salary for all hours worked in a workweek.

17. Plaintiff estimates that she worked between 50 and 80 hours a workweek during numerous weeks of her employment.

18. Plaintiff does not have access to her time and payroll records. However, Defendant should be in possession of such documents. The documents in Defendant's possession, custody and control will show the amount of overtime worked by the Plaintiff and the amount of her unpaid overtime wages.

19. As an economic reality, the Plaintiff was an employee of the Defendant.

20. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

21. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

23. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, KORTANEY RITCHEY, demands Judgment against Defendant, SYNCHR, INC., for the following:

    a. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

    b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

    c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demand a jury trial on all issues so triable.

Respectfully submitted this May 2, 2019.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**